**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JACKIE EASTMAN,           ) <br> ) <br> Plaintiff,       ) <br> ) <br> vs.             ) <br> ) <br> AVIS BUDGET CAR RENTAL, LLC, ) <br> ) <br> Defendant.      ) | Case No. 4:22-cv-01294-MTS |

**MEMORANDUM AND ORDER**

Plaintiff Jackie Eastman filed a two-count Petition in the Twenty-First Judicial Circuit Court of Missouri asserting claims exclusively under Missouri law—one for premises liability and one for negligence—against Defendant Avis Budget Car Rental, LLC. Defendant removed the case to this Court, arguing that this Court has original jurisdiction over this action under 28 U.S.C. § 1332.  Doc. [1] ¶ 4; *see also* 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

Defendant's Notice of Removal failed to establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a) for at least two reasons. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *First*, Defendant failed to allege its citizenship. *See* Doc. [1] ¶ 8 (alleging only where LLC Defendant was incorporated and where it maintains its principal place of business); *see also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  *Second*, Defendant was required to establish the parties were

diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). This concept has long been a requirement for establishing diversity jurisdiction over cases removed to federal court. *See, e.g.*, *Jackson v. Allen*, 132 U.S. 27, 34 (1889) (reversing the judgment of the federal court below "with directions to remand to the state court" because "the citizenship of the parties at the commencement of the actions, as well as at the time the petitions for removal were filed, was not sufficiently shown"). Defendant provided no allegations establishing the indispensable requirement of the parties' diversity of citizenship at the time of this action's filing in state court. *See, e.g.*, Doc. [1] ¶ 7 (alleging Plaintiff *is* a citizen of Alabama).

## CONCLUSION

Defendant has failed to meet its burden to establish this Court's jurisdiction. *See Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than Thursday, December 08, 2022.

Dated this 6th day of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE